## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| HERBERT W. MOORE, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-2135 |
| | § | |
| BRAD LIVINGSTON, ET AL., | § | |
| *Defendants*. | § | |

### ORDER ON DISMISSAL

Herbert W. Moore, a state inmate proceeding *pro se* and *in forma pauperis*, filed this complaint under 42 U.S.C. § 1983 alleging denial of his right of access to court.  The threshold question is whether plaintiff's claims should be dismissed for failure to state a claim.  The Court concludes that plaintiff's allegations fail to state a claim, and that this lawsuit should be dismissed for the reasons that follow.

### Background and Claims

Plaintiff alleges that for the past six months, prison officials have refused to provide him with sufficient indigent legal and personal correspondence supplies.  He claims that because of this, he has lost more than six months filing time under the AEDPA statute of limitations for challenging his felony conviction.  Plaintiff asserts claims for lack of access to courts and denial of free speech.  He requests injunctive relief ordering prison officials to provide him with adequate indigent legal and personal correspondence supplies.

**Analysis**

When a party proceeds *in forma pauperis*, the district court may scrutinize the basis of the complaint and, if appropriate, dismiss the case without service of process if the lawsuit is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B).  An action is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).  A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist.  *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).   As shown below, plaintiff's claims are frivolous and lack an arguable basis in law or in fact.

An inmate alleging denial of access to the courts must demonstrate an actual injury stemming from the defendants' allegedly unconstitutional conduct. *Lewis v. Casey*, 518 U.S. 343, 351-54 (1996); *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998) (holding that without proving actual injury, an inmate plaintiff cannot prevail on a denial of court access claim).  A civil rights claim cannot be based on "minor and short-lived impediments to access" in the absence of actual prejudice. *Chandler v. Baird*, 926 F.2d 1057, 1063 (5th Cir. 1991).

If a litigant's position is not prejudiced by the claimed violation, his claim of denial of access to the courts is not valid.   Even assuming plaintiff has not received the amount of

writing supplies he has requested from prison officials, and that this impinged upon his access to the courts, plaintiff does not establish that prejudice or an actual injury resulted. Plaintiff's complaints are focused on *future* litigation he intends to file and on a loss of time, not opportunity.  According to public records for the Texas Court of Criminal Appeals, petitioner's state habeas proceeding was denied on the merits on October 11, 2006.   To timely file his federal habeas petition, petitioner need only complete and file a standardized habeas form approved by the courts of this district.  Plaintiff fails to allege or show that he is unable to file a timely standardized federal habeas petition.  Plaintiff does not allege or show that because of insufficient paper or other legal supplies, he has been unable to file timely any required pleadings in any litigation.  Nor does he set forth any facts supporting a denial of free speech claim.  As no cognizable constitutional issue has been alleged, injunctive relief is not warranted.

### Conclusion

For the reasons set forth above and pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2), this lawsuit is **DISMISSED WITH PREJUDICE**.  Any and all pending motions are **DENIED AS MOOT**.

The Clerk will provide copies of this order to the parties.

Signed at Houston, Texas on November 27, 2006.

_____
Gray H. Miller
United States District Judge

3